UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| DWAUNE JUBARD GRAVLEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-67-JBC |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK MOLLOY and | ) | |
| KEVIN DICKEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**** **** **** ****

Dwaune Jubard Gravley, Sr., who is incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed a civil rights action under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted Gravley's motion [R. 3] to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915 by prior Order. [R. 4]

The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. §§ 1915(e), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2); 1915A(b).

In his Complaint, Gravley alleges that defendants Molloy and Dicken are federal prosecutors who "have used their prosecutorial powers to detain and prosecute me for charges they know are false." [R. 2 at 4] Gravley contends the defendants offered him a plea agreement but that when he refused to accept it, they filed a superseding indictment containing additional charges for murder and attempted murder. Gravley alleges that as a result of the charges pending against him, he has been detained in administrative segregation for over five years with significant limitations on visitation and privileges. Gravley seeks monetary damages, release from detention, and expungement of his record. [R. 2 at 6]

Gravley's suit is prematurely brought. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a prisoner asserting a civil rights action challenging his confinement must allege that the basis for that confinement has been invalidated, whether by direct appeal, collateral attack, or executive order. *Heck* applies to pretrial detainees, *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001), and will bar a malicious prosecution claim asserting a lack of probable cause for the arrest prior to a termination of the criminal proceeding in the plaletiff's favor. *Josey v. Texas Dept. of Public Safety*, 101 F. App'x 9 (5th Cir. 2004); *Wood v. Kesler*, 333 F.3d 872, 882 (11th Cir. 2003). Because the charges about which Gravley complains remain pending, *see United States v. Gravley*, 09-CR-13-GFVT (E.D. Ky. 2009), his complaint fails to state a claim upon which relief may be granted, and must be dismissed. *Williams v. Georgia*, No.CV410-042, 2010 WL 1737604, at *2 (S.D. Ga. Apr. 6, 2010).

Even if this were not so, Gravley's Complaint would have to be dismissed because the defendants are entitled to absolute prosecutorial immunity with respect to their charging

decisions. Gravley alleges that the defendant prosecutors improperly exercised their discretion when they decided to pursue criminal indictments against him for more serious offenses when he refused to plead guilty to lesser charges. But "[p]rosecutors are entitled to absolute immunity when they engage in activities 'intimately associated with the judicial phase of the criminal process." *Kent v. Cardone*, No. 10-818-cv, 2011 WL 13906, at *1 (2d Cir. Jan. 5, 2011) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This immunity forecloses claims based upon a prosecutor's allegedly improper actions in seeking an indictment on criminal charges, *Imbler*, 424 U.S. at 431; presenting evidence at trial, *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); or negotiating a plea bargain, *Schloss v. Bouse*, 876 F.2d 287, 292 (2d Cir.1989) (negotiation of a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer). Gravley's claim that the prosecutors lacked any factual basis to press the charges contained in the superseding indictment falls squarely within the confines of the immunity afforded to prosecutorial decisions. *Higgason v. Stephens*, 388 F.3d 868, 878 (6th Cir. 2002) ("Plaintiff's claim, that Bertram should not be cloaked in absolute immunity because he sought to prosecute Plaintiff in the absence of evidence to support the charges filed against him, has been expressly rejected by the Supreme Court in [*Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)]").

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.
2. The Court will enter an appropriate Judgment.

Signed on March 24, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY